# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GREGORY W. COFIELD,
               Appellant,

v.

DEPARTMENT OF DEFENSE,
               Agency.

DOCKET NUMBER
SF-0752-14-0114-C-1

DATE: February 24, 2015

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Gregory W. Cofield</u>, Fairfield, California, pro se.

<u>Stacey Turner Stokes</u>, Esquire, Fort Lee, Virginia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his petition for enforcement of a settlement agreement resolving his removal appeal. For the reasons discussed below, we GRANT the appellant's petition for review. We AFFIRM the administrative judge's finding that the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

agency did not breach an express term of the settlement agreement, VACATE the administrative judge's finding that the appellant failed to establish bad faith noncompliance with the settlement agreement, and REMAND the case to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2      The appellant filed a Board appeal challenging his removal from his position as a part-time Store Associate.  Initial Appeal File (IAF), Tab 1 at 3, 8, 12, Tab 6 at 14, Tab 11 at 6.  During the appeal process, the parties entered into a settlement agreement, which resolved both the appellant's Board appeal and a complaint pending before the Equal Employment Opportunity Commission (EEOC).  IAF, Tab 11.  Under the terms of the settlement agreement, among other things, the agency agreed to cancel the appellant's removal, reinstate him as a part-time Store Associate, and provide him with back pay and compensatory damages.  *Id.* at 6.  The settlement agreement further provided that it was in the "best interest" of the parties to keep the "terms and conditions" of the settlement confidential and that the appellant agreed to the confidentiality clause.  *Id.* at 7.

¶3      The administrative judge issued an initial decision dismissing the appeal as settled and entering the settlement agreement into the record for enforcement purposes.  IAF, Tab 12, Initial Decision (ID).  Neither party filed a petition for review of the initial decision, which became final on April 7, 2014.  *See* ID at 2.

¶4      Eleven days after the initial decision became final, the appellant filed a petition for enforcement alleging that the agency breached the settlement agreement when his supervisor harassed him and treated him with hostility upon his reinstatement.  Compliance File (CF), Tab 1 at 1, 4.  Specifically, he alleged that his supervisor:  (1) changed his work schedule 4-5 times; (2) assigned him work beyond his medical restrictions arising out of a work-related back injury; (3) required him to produce updated documentation regarding his medical restrictions; and (4) denied him the opportunity to work on his petition for

enforcement on official time. CF, Tab 1 at 4-7 (referring to a denial of official time to work on "this complaint," which we interpret to be a reference to this petition for enforcement); *see also* CF, Tab 3 at 1-2. In addition, the appellant alleged that his supervisor breached the settlement agreement's confidentiality provision by telling other employees not to talk to him, that he was "trouble," and that he had sued her. CF, Tab 1 at 5.

¶5    The agency responded, asserting that it had complied with the settlement agreement, and attaching documentation indicating that it had reinstated the appellant to a part-time Store Associate position, cancelled his removal, and provided him back pay and compensatory damages. CF, Tab 5. The agency argued that the appellant's allegations of retaliation and harassment were beyond the scope of a petition for enforcement. *Id.* at 8. Thereafter, the appellant filed subsequent submissions, in which he alleged that: (1) the agency violated the settlement agreement's implied covenant of good faith and fair dealing; (2) the settlement agreement required the agency to provide him with the same work schedule and duties that he held prior to his removal;[2] (3) the settlement agreement was ambiguous and should be construed against the agency; and (4) a July 1, 2014 permanent light duty Store Associate job offer constituted a change to his work schedule in violation of the settlement agreement. CF, Tab 6 at 4-6, Tab 7 at 1, 3.

¶6    In a compliance initial decision issued without holding the hearing requested by the appellant, the administrative judge found that the agency was in compliance with the settlement agreement. CF, Tab 1 at 2, Tab 8, Compliance

---

[2] In one of the appellant's submissions, he asserted that "status quo ante also includes" seniority. CF, Tab 6 at 4. However, the appellant has not alleged that the agency failed to reinstate him with the proper seniority level, either below or on review. CF, Tabs 1, 3, 6, 7; Petition for Review (PFR) File, Tab 1. The agency submitted a Standard Form (SF) 50 documenting the cancellation of the appellant's removal, which listed the same service computation date as the SF-50 documenting the appellant's removal. IAF, Tab 6 at 14; CF, Tab 5 at 11. Therefore, the appellant's seniority level does not appear to be at issue in his petition for enforcement.

Initial Decision (CID). She found that the appellant had not established a breach of the settlement agreement in connection with any alleged harassment or retaliation, noting that he had not submitted documentation to support his claim that the alleged retaliation constituted bad-faith noncompliance "with a term of the agreement." CID at 4 (emphasis in original). She also found that the Board otherwise lacked jurisdiction to address claims of reprisal or prohibited personnel practices in a compliance case. CID at 6.

¶7 In addition, the administrative judge found that the alleged statements of the appellant's supervisor did not breach the agreement's confidentiality provision because the purposed words she used did not disclose the terms and conditions of the settlement. CID at 5. She found, moreover, that the settlement agreement did not specify a work schedule for the appellant, was not ambiguous, and that the agency was authorized to request that the appellant sign a permanent light duty job offer in light of his allegation that he was being asked to work outside of his medical restrictions.[3] CID at 5-6.

¶8 The appellant has filed a petition for review of the compliance initial decision.[4] PFR File, Tab 1. The agency has not responded to the petition for review.

---

[3] The administrative judge further found that the version of the permanent light duty job offer that the appellant was asked to sign did not reference a work schedule. CID at 5-6. The record contains two versions of the July 1, 2014 permanent light duty job offer, one of which references a work schedule, and one of which does not. CF, Tab 7 at 3-6. The compliance initial decision indicates that the version that the appellant was asked to sign did not reference a work schedule. CID at 5. The appellant has not disputed this finding on review. *See* PFR File, Tab 1.

[4] On review, the appellant does not challenge the administrative judge's finding that his supervisor's alleged statements that he was "trouble" and had sued her did not breach the confidentiality provision of the settlement. CID at 5; *see* PFR File, Tab 1. The appellant also does not challenge the finding that he received all of the back pay and compensatory damages to which he was entitled. CID at 5; *see* PFR, Tab 1. Therefore, we do not disturb these well-reasoned findings on review. *See* 5 C.F.R. § 1201.115 (the Board normally will consider only issues raised in a timely filed petition or cross petition for review).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶9 The Board has authority to enforce a settlement agreement that has been entered into the record for enforcement purposes in the same manner as any final Board decision or order. *Vance v. Department of the Interior*, 114 M.S.P.R. 679, ¶ 6 (2010). A settlement agreement is a contract, and the Board will therefore adjudicate a petition to enforce a settlement agreement in accordance with contract law. *Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659, ¶ 7 (2009), *aff'd*, 420 F. App'x 980 (Fed. Cir. 2011). Where, as here, an appellant alleges noncompliance with a settlement agreement, the agency must produce relevant, material, and credible evidence of its compliance with the agreement. *Vance*, 114 M.S.P.R. 679, ¶ 6. The ultimate burden, however, remains with the appellant, as the party seeking enforcement, to prove breach by a preponderance of the evidence. *Id.*

The settlement agreement did not require the agency to assign the appellant the same work schedule that he was assigned prior to his removal.

¶10 On review, as he did below, the appellant contends that the agency was obligated to assign him the same work schedule that he was assigned prior to his removal. PFR File, Tab 1 at 7; CF, Tab 6 at 4. He argues that his work schedule was a "component of status quo ante," the settlement agreement was ambiguous, and the administrative judge should have considered the parties' intent when they entered into the agreement. PFR File, Tab 1 at 7. We agree with the administrative judge that the settlement agreement was unambiguous, and did not require the agency to assign the appellant to the same work schedule that he was assigned prior to his removal. *See* CID at 5-6.

¶11 The Board does not apply a status quo ante analysis in construing the terms of a settlement agreement. *See Beall v. Department of the Interior*, 78 M.S.P.R. 185, 187 n.3 (1998) (finding that applying a status quo ante analysis to a settlement agreement would be error) (citing *Kuykendall v. Department of Veterans Affairs*, 68 M.S.P.R. 314, 321 (1995) (finding that the Board does not

per se apply a status quo ante analysis to settlement terms)). Instead, in construing the terms of a settlement agreement, the Board examines the agreement itself to determine the parties' intent. *Amos v. U.S. Postal Service*, 84 M.S.P.R. 186, ¶ 6 (1999).

¶12 The settlement agreement did not reference the appellant's work schedule upon his reinstatement. *See* IAF, Tab 11 at 6. Contrary to the appellant's assertions, however, the settlement agreement's silence on this issue does not mean that it is ambiguous. *See Pawlowski v. Department of Veterans Affairs*, 96 M.S.P.R. 353, ¶ 17 (2004) (a last chance agreement's silence regarding the position that the appellant was to encumber after the agreement period ended did not render it ambiguous); *De Luna v. Department of the Navy*, 58 M.S.P.R. 526, 530 (1993) (a settlement agreement's silence regarding the agency's alleged promise to increase the appellant's years of service for purposes of retirement did not render the agreement ambiguous). The settlement agreement here specified that it "contain[ed] the entire agreement between the parties," and provided that "aside from the explicit terms set forth in" the agreement, the appellant would be subject to the same terms and conditions of employment as any other employee. IAF, Tab 11 at 5, 7. Thus, the settlement agreement contemplated that the appellant would be subject to the same terms and conditions as any other employee regarding his work schedule. The Board will not imply terms into a settlement where, as here, the agreement is not ambiguous. *See Dunn v. Department of the Army*, 100 M.S.P.R. 89, ¶ 9 (2005).

The appellant's claim that the agency breached the settlement agreement by failing to provide him modified duties to accommodate his medical restrictions is moot.

¶13 On review, the appellant argues that the agency breached the settlement agreement by failing to provide him with the same modified duties to accommodate his medical restrictions that it provided prior to his removal. PFR File, Tab 1 at 7; *see also* CF, Tab 1 at 4 (the appellant's argument below that the

agency breached the settlement agreement by providing him work beyond his medical restrictions). However, even assuming that the agency breached the settlement agreement in this regard, the record indicates the agency subsequently provided the appellant with modified duties, rendering his allegation moot. *See* CF, Tab 7 at 3-6; *see Engel v. U.S. Postal Service*, 114 M.S.P.R. 541, ¶¶ 1, 7-8 (2010) (dismissing a petition for enforcement as moot when the agency produced evidence of compliance on review).

¶14      With his petition for enforcement, the appellant submitted an "Industrial Status Work Report," dated October 4, 2013, which indicated that he had permanent medical restrictions as the result of his back injury. CF, Tab 1 at 14. In the agency's response to the petition for enforcement, the agency represented that it did not previously have any documentation indicating that the appellant's medical restrictions were permanent, and that it would begin the process of determining appropriate accommodations based on the October 4, 2013 medical report. CF, Tab 5 at 9. According to the agency, it previously requested this documentation from the appellant to support his continued placement on modified duty, as part of its ordinary workers' compensation process, and the appellant has not disputed this assertion on review. *Id.*; *see* PFR File, Tab 1. After receiving the medical report with the appellant's April 18, 2014 submission, the agency offered him a permanent light duty Store Associate position on July 1, 2014. CF, Tab 7 at 3-6. Thus, because the agency has provided the appellant with modified duties to accommodate his medical restrictions, there is no further relief that the Board can provide in the context of a petition for enforcement, and the appellant's claim that the agency failed to do so is moot. *Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 13 (2014) (dismissing a petition for enforcement as moot where there was no further relief that the agency could provide).

<u>The administrative judge failed to consider whether the appellant's allegations of harassment and retaliation constituted bad faith in implementing the settlement agreement term requiring his reinstatement.</u>

¶15     On review, the appellant contends that the administrative judge erred in limiting her bad faith inquiry to whether the agency's alleged harassment and retaliation constituted bad faith noncompliance with a term of the settlement agreement.  PFR File, Tab 1 at 5.  Instead, he alleges that the administrative judge should have considered whether the agency's actions destroyed his reasonable expectations regarding the "fruits of [the] contract."  *Id.*  We agree that the administrative judge erroneously limited her analysis to whether the agency violated an express term of the settlement agreement and failed to consider the appellant's claims of post-settlement harassment and retaliation as allegations of bad faith in implementing the settlement agreement term requiring his reinstatement.  *See* CID at 4-6.

¶16     The Board may only consider an appellant's allegations that an agency's post-settlement actions constituted retaliation for filing and settling a Board appeal to the extent that his allegations pertain to the alleged breach of the settlement agreement.  *Burke*, 121 M.S.P.R. 299, ¶ 15.  However, even where an agreement does not explicitly prohibit retaliation or harassment, an agency's post-settlement harassment and retaliation may constitute bad faith in implementing a reinstatement term, and thereby establish agency noncompliance with the settlement agreement.  *See Stasiuk v. Department of the Army*, 118 M.S.P.R. 1, ¶ 8 (2012); *Kuykendall*, 68 M.S.P.R. at 322-24.  To establish that an agency breached the implied covenant of good faith with respect to a reinstatement term, an appellant must show that the agency's proven retaliatory/harassing actions, under the totality of the circumstances, amounted to an unjustified and substantial deprivation of rights connected to an incumbent of the position in question.  *Kuykendall*, 68 M.S.P.R. at 324-25.  A mere showing of some frictions,

misunderstandings, or unpleasantness between the appellant and management or other employees is insufficient to meet this burden. *Id.*

¶17        Here, although the appellant did not expressly state that his allegations of retaliation and harassment were related to the settlement term requiring his reinstatement, the nature of several of his claims implies as much.[5] *See Stasiuk*, 118 M.S.P.R. 1, ¶ 7 (construing allegations of retaliation and harassment as allegations of bad faith in implementing the reinstatement term of a settlement agreement); *Kuykendall*, 68 M.S.P.R. at 322 (same). In particular, the appellant alleged that, upon his reinstatement, his supervisor changed his schedule 4-5 times over the period of approximately a month. *See* CF File, Tab 1 at 4. The agency did not respond to this allegation, other than to assert that the appellant's claims of harassment were beyond the scope of a petition for enforcement. *See* CF, Tab 5 at 8. Although we find that the settlement agreement did not entitle the appellant to the same work schedule he was assigned to prior to his removal, repeatedly changing his schedule upon reinstatement could potentially constitute bad faith in implementing the reinstatement term, especially if the appellant were treated differently than other employees. *See, e.g, Keenan v. U.S. Postal Service*, 62 M.S.P.R. 307, 308-09 (1994) (finding that an agency acted in bad faith when it assigned the appellant significantly fewer hours than other part-time employees, although the settlement agreement did not specify the number of hours that he would be assigned).

¶18        Thus, the administrative judge erred in failing to consider whether the appellant's allegations of harassment and retaliation constituted bad faith

---

[5] We find that the appellant's allegation that his supervisor did not allow him to work on his petition for enforcement on official time cannot be construed as a claim that the agency acted in bad faith in implementing the reinstatement term. Moreover, the administrative judge correctly found that the appellant presented no evidence that there was any arrangement that required the agency to allow him to work on his petition for enforcement on official time. CID at 6; *see also Forrest v. Department of Agriculture*, 74 M.S.P.R. 213, 221 (1997) (finding that there was no statutory or regulatory authority providing that time spent preparing a Board appeal is considered official time).

noncompliance with the settlement term requiring his reinstatement, and the record is not sufficiently developed for us to resolve this issue in the first instance on review. *See Williams v. Department of the Navy*, 79 M.S.P.R. 364, 367 (1998) (remanding for further development of the record a claim that the agency acted in bad faith in implementing a reinstatement order where the agency did not respond to the appellant's allegations of harassment and retaliation); *cf. Kuykendall*, 68 M.S.P.R. at 325-29 (adjudicating an appellant's claim of bad faith noncompliance with the reinstatement term of a settlement agreement in the first instance on review where the agency presented evidence and argument in response to the appellant's allegations of harassment). In addition, neither the administrative judge nor the agency apprised the appellant of the means to establish noncompliance with a settlement agreement based upon bad faith in implementing a reinstatement term. *See* CF, Tabs 2, 5; CID. Accordingly, this matter must be remanded to the regional office for further adjudication.[6] *See Stasiuk*, 118 M.S.P.R. 1, ¶ 8 (remanding a compliance matter for further adjudication where the administrative judge failed to consider whether the agency acted in bad faith in implementing a reinstatement term and failed to provide notice of the means to establish noncompliance based upon bad faith). On remand, the administrative judge shall afford the parties an opportunity to present evidence as to whether the agency violated the implied covenant of good faith in implementing the reinstatement term of the settlement agreement, and may

---

[6] The settlement agreement provided that both the Board and the EEOC would have authority to enforce the agreement. IAF, Tab 11 at 5. On remand, the administrative judge shall determine whether the appellant has filed an enforcement action with the EEOC, and if so, determine the effect of such an action upon the appellant's ability to pursue his petition for enforcement before the Board. *Cf.* 5 C.F.R. § 1201.154(a) (an appellant must elect between filing a mixed case complaint with the agency or filing a mixed case appeal with the Board); 29 C.F.R. § 1614.302(b) (same).

convene a hearing if one is necessary to resolve this issue.[7]  *See* 5 C.F.R. § 1201.183(a)(3).

## ORDER

¶19      For the reasons discussed above, we AFFIRM the initial decision in part, REVERSE the initial decision in PART, and REMAND this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.

---

[7] On review, the appellant also argues that the administrative judge erred in failing to afford him a hearing and failing to issue subpoenas to compel witnesses to testify under penalty of perjury.  PFR File, Tab 1 at 6.  There is no right to a hearing on a petition for enforcement, and it is within the administrative judge's discretion whether to hold one. 5 C.F.R. § 1201.183(a)(3); *Knight v. Department of the Treasury*, 113 M.S.P.R. 548, ¶ 16 (2010).  In addition, parties who wish to obtain subpoenas requiring the attendance and testimony of witnesses must file motions for those subpoenas with the administrative judge, which the appellant did not do.  *See* 5 C.F.R. § 1201.81(a); *Brewer v. Defense Contract Audit Agency*, 23 M.S.P.R. 368, 370 (1984) (finding that a failure to subpoena records was not in error where the appellant did file a motion for a subpoena).  On remand, the administrative judge shall determine whether a hearing is necessary to resolve the appellant's claim of bad faith in implementing the reinstatement term of the settlement agreement, and rule on any motions for subpoenas that the appellant may file.